# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### Filed: April 29, 2014

| | |
|---|---|
| * * * * * * * * * * * * * | |
| MICHAEL B. WATERS and KIM K. WATERS, as parents and legal Representatives of their minor son, K.S.W., | UNPUBLISHED |
| | No. 08-76v |
| Petitioner, | |
| v. | Special Master Dorsey |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Attorneys' Fees and Costs; Reasonable Amount Requested to which Respondent Does not Object. |
| Respondent. | |
| * * * * * * * * * * * * * | |

David Terzian, Rawls McNelis & Mitchell, Richmond, VA, for petitioners.
Heather L. Pearlman, U.S. Department of Justice, Washington, D.C., for respondent.

## ATTORNEYS' FEES AND COSTS DECISION[1]

On February 6, 2008, Michael B. Waters and Kim K. Waters ("petitioners") filed a petition on behalf of their son, K.S.W., pursuant to the National Vaccine Injury Compensation Program.[2]  42 U.S.C. §§ 300aa-1 to -34 (2006).  Petitioners alleged that K.S.W. suffered from a refractory mixed seizure disorder that was caused-in-fact by his receipt of the Pediarix vaccine (containing diphtheria tetanus acellular pertussis ("DTaP"), hepatitis B (Hep B), and inactive polio virus ("IPV") vaccines), the pneumococcal conjugate vaccine ("Prevnar"), and the

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this decision on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002).  As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party:  (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).  Otherwise, the entire decision will be available to the public.  Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act).  All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

haemophilus influenza type B ("HiB") vaccine on February 19, 2005. On January 7, 2014, the undersigned issued a decision denying compensation to petitioners.

On April 25, 2014, the parties filed a Stipulation of Fact Concerning Attorneys' Fees and Costs. According to the stipulation, the parties stipulate to an award to petitioners of attorneys' fees and costs in the amount of $200,734.36. In accordance with General Order #9, petitioners' counsel represents that petitioners advanced $734.36 in out-of-pocket expenses in pursuing their petition.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300 aa-15(e). Based on the reasonableness of the parties' stipulation, the undersigned **GRANTS** the request for approval and payment of attorneys' fees and costs.

Accordingly, an award should be made as follows:

> in the form of a check jointly payable to petitioners and to Mr. David Terzian, of the law firm of Rawls McNelis & Mitchell, in the amount of **$200,000.00**; and
>
> in the form of a check payable to petitioners only in the amount of **$734.36**.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

s/Nora Beth Dorsey
Nora Beth Dorsey
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.